IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Antonina Holland and**
**Khawar Hameed,**

        **Plaintiffs,**

v.                                                    Case No. 11-1209-JWL

**Professional Engineering**
**Consultants, P.A.,**

        **Defendant.**

## MEMORANDUM AND ORDER

Plaintiffs filed this suit against defendant asserting that defendant terminated their employment based upon their race and national origin in violation of 42 U.S.C. § 1981. This matter is presently before the court on defendant's motion for dismissal of plaintiff's national origin claims (doc. 4). As will be explained, the motion is granted in part and denied in part.

In support of its motion to dismiss, defendant highlights that § 1981 does not protect individuals from discrimination based on national origin. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1411 (citing *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987)). As the Supreme Court held in *Saint Francis College*, however, individuals "who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics" are protected from such discrimination under 42 U.S.C. § 1981. *Saint Francis College*, 481 U.S. at 613. The Court then explained that if the respondent, on remand, could prove that "he was subject to intentional discrimination based on the fact that he was born an Arab, rather than solely on the

place or nation of his origin," he had a viable claim under § 1981. *See id.*

In their complaint, plaintiffs assert that they were terminated by defendant on the basis of their "race and national origin." Ms. Holland alleges that she "is of the Asian race and her national origin is the Philippines." Mr. Hameed alleges that he "is of the Asian race and his national origin is Pakistan." Plaintiffs further allege that defendant treated its similarly situated Caucasian employees more favorably than it treated plaintiffs in several respects. They make no allegations concerning the treatment of other employees based on those employees' nations of origin. Taken together, then, the allegations in plaintiffs' complaint reflect that plaintiffs' § 1981 claims, despite plaintiffs' labels, are not based solely on the place or nation of their origin but are focused on more "racial" characteristics as that term is broadly used in *Saint Francis College*. *See id.* ("racial" discrimination extends to discrimination based on ancestry or ethnic characteristics). Of course, to the extent plaintiffs' complaint could be read to allege discrimination claims based solely on plaintiffs' place or nation of their origin, the motion to dismiss is granted as such claims are not cognizable under § 1981. The motion, however, is otherwise denied as the complaint reflects claims of discrimination based on racial characteristics. *See Magana v. Com. of the Northern Mariana Islands*, 107 F.3d 1436, 1446-47 (9th Cir. 1997) (despite allegations of discrimination on the grounds that she was "from the Philippines," plaintiff stated claim under § 1981 where her complaint alleged disparate treatment from "Caucasian" employees and discrimination "based on being Filipino."); *Zaidi v. Amerada Hess Corp.*, 723 F. Supp.2d 506, 517 (E.D.N.Y. 2010) (despite allegations that he was discriminated against because of "Pakistani birth," plaintiff stated viable section 1981 claim

where complaint made reference to discrimination based upon race and factual allegations suggested discrimination based upon racial background).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's national origin claims (doc. 4) is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated this 11th day of October, 2011, at Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge